IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID L. KENNEDY, | ) | No. C 08-3568 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTIONS TO CLERK** |
| v. | ) | |
| | ) | |
| U.S. PAROLE COMMISSION, WARDEN ROBERT AYERS, | ) ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

On July 25, 2008, petitioner, a California prisoner then incarcerated at San Quentin State Prison and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved prisoner's IFP application, instructions for completing it, and a return envelope. More than thirty days have passed since the deficiency notice and petitioner has neither filed a completed IFP application nor paid the filing fee.

Although petitioner has not responded to the Court's deficiency notice, on August 12, 2008, petitioner filed a notice informing the Court that his address had changed to the Santa

Rita County Jail. It thus appears that petitioner might not have received the Court's deficiency notice. Accordingly, although the above-titled action is subject to dismissal due to petitioner's failure to respond to the deficiency notice, the Court will provide petitioner one further opportunity to comply with the court's filing-fee requirements, either by paying the requisite filing fee in this matter or submitting a court-approved prisoner's IFP application showing he is unable to pay the fee.

Additionally, if petitioner intends to proceed with the above-titled action he must file an amended petition, as the Court is unable to conclude from the allegations in the instant petition whether petitioner states cognizable claims for habeas corpus relief. The Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

Here, petitioner has not provided, either in the space designated on the form petition filed by petitioner, or in any attachments thereto, the most basic facts regarding his case. Although petitioner appears to be challenging the lawfulness of a parole revocation hearing, he does not set forth any background facts with respect thereto, such as where the hearing was held or when it took place. In particular, while petitioner makes reference to both federal and state criminal sentences that he either is serving or has served, and names both a federal and a state respondent in the caption of the petition, he does not state whether the parole revocation hearing at issue herein was the result of petitioner's having violated a federal parole term or a state parole term. Further, petitioner does not state whether he still is

in custody pursuant to the parole revocation that resulted from said hearing, and whether he exhausted appropriate judicial and/or administrative remedies before filing the instant petition. Consequently, the petition fails to set forth sufficient information for the Court to discern whether jurisdiction and venue are proper in the District Court for the Northern District of California, let alone for the Court to order any named respondent to show cause. See Hendricks, 908 F.2d at 491-92 (holding petitioner must state claims with sufficient specificity to enable respondent to prepare a response). Petitioner will be given leave to file an amended petition in which he completes the Court's form petition in its entirety and provides all of the information required therein.

For the foregoing reasons, the Court orders as follows:

1. The petition is hereby DISMISSED with leave to amend.

2. Within **thirty (30)** days of the date this order is filed, petitioner shall either pay the filing fee in this matter or submit a completed court-approved prisoner's IFP application. **Petitioner's failure to do so will result in the dismissal of this action without prejudice.**

3. Within **thirty (30) days** of the date this order is filed, petitioner shall file an amended petition, using the Court's form petition, in which he corrects the deficiencies noted above. The amended petition must include the caption and civil case number used in this order, No. C 08-3568 MMC (PR), and must include the words AMENDED PETITION on the first page.

**The Amended Petition supersedes the initial petition and may not incorporate any part of it by reference. Petitioner must include in the Amended Petition all the claims he wishes to present, and any attachments he wishes the Court to consider. If petitioner fails to timely amend the petition as ordered herein, the petition will be dismissed without prejudice.**

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and/or Local Rule 3-

11.

5. The Clerk of the Court shall send to petitioner a copy of the Court's form habeas petition, attached to which is a court-approved prisoner's IFP application, together with a return envelope.

IT IS SO ORDERED.

DATED: August 29, 2008

MAXINE M. CHESNEY
United States District Judge