**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID L. KENNEDY,

    Petitioner,

    v.

UNITED STATES PAROLE
COMMISSION, et al.,

    Respondents.

No. C 08-3568 MMC (PR)

**ORDER OF DISMISSAL;
GRANTING LEAVE TO PROCEED
IN FORMA PAUPERIS**

**(Docket No. 7)**

On July 25, 2008, petitioner, a federal prisoner being held on a parole-violator warrant at San Quentin State Prison, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus. Thereafter, the Court dismissed the petition with leave to amend, as the Court was unable to determine from the allegations in the petition whether petitioner had stated cognizable claims for relief. On September 26, 2008, petitioner, who by then had been transferred to the Santa Rita County Jail to serve his parole revocation term, filed an amended petition, wherein he claims he is being made to serve a sentence longer than that which was ordered by this Court in petitioner's underlying criminal proceedings. Petitioner seeks leave to proceed in forma pauperis.

For the reasons set forth below, the Court finds the petition is subject to dismissal as a successive petition under 28 U.S.C. § 2244(a).

//

## BACKGROUND

In 1986, in federal district court, petitioner pleaded guilty to two counts of unarmed bank robbery.[1] He was sentenced to a term of twelve years in prison on Count One and a consecutive five years of probation on Count Two. Seven years later, in 1993, petitioner was released on parole on Count One, and the five-year probation term on Count Two commenced upon petitioner's release. In 1999, the Court sentenced petitioner to four years in prison on Count Two for violating the conditions of his probation. In 2000, the United States Parole Commission revoked petitioner's parole on Count One.

Petitioner was released from custody in 2003. He subsequently violated parole and was returned to custody in March 2006, June 2007, and, most recently, in April 2008.

By the instant petition, petitioner claims (1) his continued custody under the sentence imposed on Count One is unlawful because he was not given credit for the four years he served from 1999 to 2003 for the probation violation, and (2) he was not provided with a timely revocation hearing within ninety days after his arrest in June 2007.

## DISCUSSION

The instant petition was filed pursuant to 28 U.S.C. § 2254. Because petitioner is a federal prisoner challenging the execution of his sentence, however, the petition must be construed as one brought pursuant to 28 U.S.C. § 2241. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984) (holding federal prisoner may seek review of execution of sentence under § 2241); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980) (holding federal prisoner may seek review of parole decision under § 2241).

With respect to such a petition, 28 U.S.C. § 2244 provides, in relevant part:[2]

---

[1] The underlying criminal case United States v. Kennedy, No. C 85-1006, originally was assigned to the Honorable Stanley A. Weigel; the case was reassigned to the undersigned on May 4, 1999.

[2] Although § 2244(a) does not, on its face, indicate that it is applicable to petitions brought pursuant to 28 U.S.C. § 2241, the Ninth Circuit has held § 2244(a) applies to such petitions. See Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); see also Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to successive § 2241 petition).

2

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

In the instant petition, petitioner does not state he previously filed another petition raising the same claims presented herein. The federal U.S. Party/Case Index database, however, shows that in 2007, petitioner did raise the identical claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of California. See Kennedy v. Daniels, No. CV F 07-1055 OWW SMS HC (E.D. Cal., filed Jul. 24, 2007). That case was dismissed on July 24, 2008, when the district court, adopting the findings and recommendations of the magistrate judge, found the petition could not proceed because (1) petitioner's claim that he was not credited for the four years he served, from 1999 to 2003, for violating probation, was successive, in that petitioner had previously raised such claim in two prior federal habeas corpus petitions, and (2) petitioner's claim that his June 2007 parole hearing was untimely was without merit. (See Findings and Recommendation Regarding Petition for Writ of Habeas Corpus, filed June 4, 2008, at 5-7, 9-10.)

Accordingly, as it is clear that the instant petition presents claims challenging the sentence and 2007 parole revocation hearing that were the subject of petitioner's prior § 2241 federal habeas corpus petition, the instant petition will be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(a).

## CONCLUSION

For the reasons stated above, the petition is hereby DISMISSED with prejudice, pursuant to 28 U.S.C. § 2244(a), as a successive petition.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 7.

3

1   The Clerk shall close the file.

2   IT IS SO ORDERED.

3   DATED: December 29, 2008

4   MAXINE M. CHESNEY
    United States District Judge